(No. 3138—

JERRY DiMARIA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 9, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

FISHER, J.

On February 28, 1937, claimant, an employee of the State of Illinois in the capacity of Janitor, Old Age Assistance Division, Department of Public Welfare, while in the course of his duties injured his right hand when a rusty nail protruding from a box he was handling pierced the palm of his hand, causing a two inch cut therein. Claimant went to the office of Dr. A. Sterbini in Springfield, Illinois, where the wound was dressed and tetanus antitoxin administered. Thereafter it was necessary that the wound be dressed almost daily until March 15, 1937, when claimant returned to work. Claimant incurred medical expenses in the sum of $35.50 on account of said injury. He has not paid Dr. Sterbini, nor has claimant been reimbursed by the State for such expenditures.

At the time of his injury claimant was married, but had no child or children. Claimant's salary was $100.00 per

month and he was paid his regular salary from February 28th to March 15th, 1937, during which time he was incapacitated on account of the said injury.

The State of Illinois received due notice of the injury.

This Court has repeatedly held that not every State employee is under the Workmen's Compensation Act. It is only where the employee is engaged in an employment extra-hazardous in fact, or employed in a department of the State which is engaged in an enterprise declared to be extra-hazardous by Section 3 of the Workmen's Compensation Act of Illinois, that such employee is under the Act and legally entitled to an award for injuries sustained in the course of and arising out of his employment. It does not appear to this Court that employees of the Old Age Assistance Division of the Department of Public Welfare are engaged in employment declared extra-hazardous by Section 3 of the Workmen's Compensation Act.

The claimant in this case was employed as a Janitor. This Court held in *LaFont* vs. *State*, 8 C. C. R. 104, that a janitor employed in the office of the Secretary of State was not under the Workmen's Compensation Act. In this case we followed the decision of the Supreme Court in the case of *Therien* vs. *Industrial Commission*, 351 Ill. 160. It is apparent that there is not any difference between a janitor employed in the Old Age Assistance Division of the Department of Public Welfare from a janitor employed in the office of the Secretary of State.

The claimant not being employed within the provisions of Section 3 of the Workmen's Compensation Act of Illinois, there is nothing this Court can do but deny the claim.

An award is hereby denied and the claim is dismissed.